BTXN 090 (rev. 12/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re:<br>Jason Taylor Martin | §<br>§<br>§<br>§ | Case No.: 22–42492–elm7 |
| Debtor(s) | § | Chapter No.: 7 |
| Nathan Park | §<br>§ | |
| Plaintiff(s) | § | Adversary No.: 23–04001–elm |
| vs.<br>Jason Taylor Martin | §<br>§ | |
| Defendant(s) | § | |

# ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Edward L. Morris** at **501 W. 10th Street, Room 204, Fort Worth, TX 76102** the month of **July**. Docket call for this trial will be held on **July 3, 2023** at **1:30 p.m.** at **501 W. 10th Street, Room 204, Fort Worth, TX 76102**. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

**PART I: INSTRUCTIONS**

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within seven (7) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

**PART II: GENERAL PROVISIONS GOVERNING DISCOVERY**

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within fourteen (14) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty–sixth day following the entry of this Order.

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty–five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

**PART III: ALTERNATIVE SCHEDULING ORDER**

The Court directs compliance with the following schedule:

1. Discovery must be completed forty–five (45) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3. Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fourteen (14) days prior to Docket Call. Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

5. Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fourteen (14) days prior to Docket Call. Accordingly, all dispositive motions must be filed no later than forty–five (45) days prior to Docket Call, unless the Court modifies this deadline.

6. All parties and counsel must certify to full compliance with this Order at Docket Call. If a resetting is allowed by the Court, the plaintiff or plaintiff's attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7. If the case is reset, all the deadlines in Part III nos. 1 through 5 will be shifted to the newly scheduled Docket Call date in the absence of a contrary Court order.

8. Sanctions may be imposed for failure to comply with this Order.


DATED:  1/12/23                    FOR THE COURT:
                                   Robert P. Colwell, Clerk of Court

                                   by: /s/Karyn Rueter, Deputy Clerk