IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>JASON TAYLOR MARTIN,<br><br>*Debtor.* | § § § § § § § | |
| NATHAN PARK,<br>*Plaintiff,* | § § § § | CASE NO. 22-42492-elm7<br>CHAPTER 7 |
| vs. | § § | Adversary No. 23-04001-elm |
| JASON TAYLOR MARTIN,<br>*Defendant.* | § § § | |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Nathan Park ("Park") files his Proposed Findings of Fact and Conclusions of Law, and would show as follows:

### Findings of Fact

1.  On or about October 10, 2021, Jason Martin ("Martin") initiated a telephone call to Marcus Powell, who is a retired United States Marine Corp member and owner of Powell Roofing and Construction, and who knows Nathan Park and does business with him. In the phone call, which was also heard by Mr. Powell's wife, Kalyn Powell, Martin stated that Park (1) was a murderer; (2) had placed a hit to kill Martin; (3) had killed Park's father-in-law; (4) had caused the murder of several other individuals; and (5) had caused the murders for financial benefit (collectively "Martin's Statements").

2.  Martin's Statements were untrue.

3. Park resides with his family in Hunt County for years and has been active in the community as well as the business community. He has enjoyed a reputation for high character and the fine behavior.

4. Martin's Statements were intentionally made.

5. Martin's Statements were made with the intent to harm Park's reputation and cause Park injury, including mental anguish.

6. Martin's Statements about Park were willful and malicious.

7. Martin intended the consequences of his Statements to cause Park harm.

8. As a direct and proximate result of Martin's Statements, Park has suffered damages.

9. As a direct and proximate result of Martin's Statements, Park has suffered damages to his reputation.

10. As a direct and proximate result of Martin's Statements, Park has suffered mental anguish.

11. As a direct and proximate result of Martin's Statements, Park has suffered mental anguish damages in the amount of $_____.

12. As a direct and proximate result of Martin's Statements, Park has suffered damages to his reputation in the amount of $_____.

13. As a result of Martin's Statements, Park has suffered nominal damages in the amount of $_____.

14. Martin's Statements were made with actual malice, and there is clear and convincing evidence of such actual malice.

15. Park is entitled to exemplary damages against Martin in the amount of $_____.

## Conclusions of Law

1. Martin's Statements about Park were orally communicated to a third person, were defamatory and constitute slander per se, and were without legal excuse.

2. Martin's Statements were made willfully and maliciously, as Martin knew the Statements were false and made the Statements intentionally and deliberately to cause Park harm and damages, including to injure Park's reputation and cause him mental anguish.

3. Park is entitled to a judgment against Martin in the amount of $_____.

4. Martin's debt to Park arises from a willful and malicious injury and therefore pursuant to 11 USC Section 523(a)(6), it is non-dischargeable.

Respectfully submitted,

/s/ Scott E. Hayes

Scott E. Hayes        SBN: 09280050
shayes@wslawpc.com
Richard G. Dafoe      SBN: 05309500
rdafoe@wslawpc.com
WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.
1717 Main Street | 25th Floor
Dallas, TX 75201
Telephone: (214) 979-7400
Facsimile: (214) 979-7402
**ATTORNEYS FOR PLAINTIFF NATHAN PARK**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to Jason Martin on this 3rd day of July 2023.

**Via First Class Mail & CMRRR:**
Jason Martin
1016 Sycamore Street
Burleson, Texas 76028

/s/ Scott Hayes
Scott Hayes